IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HALLS GENERAL CONTRACTOR, LLC,**
**BIG KAHUNA LAND & CATTLE, LLC,**

      **Plaintiffs,**

      **vs.**                                                              Civ. No. 22-162 KK/SCY

**FAVER'S MOBILE SALES, INC., a New Mexico**
**corporation,**

      **Defendant.**

## ORDER TO AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant Faver's Mobile Sales, Inc. on March 3, 2022. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 10. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts in order to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v.*

*Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

In this case, Defendant alleges in the notice of removal that complete diversity of citizenship exists because "Plaintiff Halls General Contractor, LLC is a corporation organized in the state of Arizona having its principal place of business in Yuma, Arizona. Plaintiff Big Kahuna Land and Cattle, LLC, is a corporation organized in the state of Arizona having its principal place of business in Yuma, Arizona." Doc. 1 ¶ 4. Although both the complaint and the notice of removal state that Plaintiffs are "corporations" in Arizona, Doc. 1 ¶ 4; Doc. 1-2 ¶¶ 1-2, each Plaintiff appears by name to be a limited liability company ("LLC"), not a corporation. *Butler L. Firm, PLC v. Higgins*, 243 Ariz. 456, 462, 410 P.3d 1223, 1229 (2018) ("An Arizona LLC is a distinct business entity that is neither a partnership nor a corporation.").

Determining the citizenship of an LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). If each Plaintiff is indeed an LLC, the notice of removal fails to allege the citizenship of every LLC member.

Accordingly, the Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with

citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than April 15, 2022.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed, the Court may remand this action back to state district court.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**